UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT GRUNDSTEIN,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT FERGUSON, *et al.*,<br><br>    Defendants. | Case No. C14-1356RSL<br><br>ORDER DENYING MOTION FOR RECUSAL |

   This matter comes before the Court on plaintiff's "Motion to Recuse" and to stay pending deadlines until the motion is decided. Dkt. # 7. Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). A litigant cannot, however, use

the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

Plaintiff argues that (a) the undersigned has "expressed bias against plaintiff" and (b) none of the judicial officers in the State of Washington, state or federal, are capable of hearing his claims against the Washington State Bar because that entity "has significant influence in Judicial and state political matters." Dkt. # 7 at 2. Plaintiff's allegation of actual bias is based solely on the fact that the undersigned dismissed two prior lawsuits arising out of disciplinary proceedings initiated by the Washington State Bar against plaintiff. See Grundstein v. Eide, C11-0692RSL (complaint to enjoin bar official from pursuing disciplinary proceedings and to declare certain Rules for Enforcement of Lawyer Conduct unconstitutional dismissed on abstention grounds under Younger v. Harris, 401 U.S. 37, 40-41 (1971)); Grundstein v. Washington State Bar Association, C12-0569RSL (complaint seeking to enjoin bar proceedings and obtain damages related to disbarment dismissed on abstention and immunity grounds). To the extent plaintiff disagreed with the undersigned's determinations, such issues are properly raised through an appeal to the Ninth Circuit, not a motion to recuse. In fact, plaintiff did appeal the second decision, which was affirmed in May of this year (Mr. Grundstein has filed a petition for rehearing). Grundstein v. Washington State Bar Assoc., No. 12-35792. Plaintiff has not shown manifest error or the sort of illogic that might give rise to an inference that the decisions were motivated by anything other than the relevant facts and applicable law. Where, as in this case, the only evidence of bias presented is the judge's substantive and procedural decisions, the risk that the litigant is using the recusal motion for strategic purposes is considerable. See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913).

Plaintiff's second argument in favor of recusal is that all of the judges in the district – and in the state – are disqualified from hearing a case against the Washington State Bar

ORDER DENYING MOTION FOR RECUSAL       -2-

Association. This argument fails on the facts and the law. The defendants in the above-captioned matter are Robert Ferguson and Leon Grundstein. The case appears to involve a fight between brothers over alleged irregularities in handling plaintiff's mother's trust. Even if the undersigned had some sort of affinity for the State Bar Association, there is no reason to presume that it would extend to the named defendants or have any impact on the resolution of this case.

Even if plaintiff had sued the bar association, there is no indication that recusal would be required under any of the factors set forth in 28 U.S.C. § 455(b). An objective observer who is informed of all the surrounding facts and circumstances would not reasonably question the impartiality of the judges of this district simply because a professional organization of which they are members is a defendant. See 28 U.S.C. § 455(a); Microsoft Corp. v. United States, 530 U.S. 1301, 1302 (2000). Judicial impartiality is presumed (First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler, 210 F.3d 983, 987 (9th Cir. 2000)), and judges are required to hear matters over which they have jurisdiction when there is no legitimate reason to recuse (Clemens v. U.S. Dist. Court, 428 F.3d 1175, 1179 (9th Cir. 2005)). Reasonable, well-informed observers of the federal judiciary understand that judges have many contacts in the legal community and are often called upon to put personal relationships aside in favor of resolving disputes on the facts and the law presented. See, e.g., U.S. v. Mosesian, 1992 WL 197408 at *5 (9th Cir. Aug. 18, 1992); Matter of Mason, 916 F.2d 384, 387 (7th Cir. 1990). Absent some reason to believe that the undersigned's membership in a professional organization that encompasses virtually every practicing attorney in the state would somehow affect his professionalism and independence, an objective observer would not reasonably question his impartiality in this case.

In addition, where the alleged conflict applies equally to all judicial officers, an exception to the normal recusal rules applies – the "rule of necessity." United States v. Will, 449 U.S. 200, 213 (1980). If plaintiff's theory of recusal were adopted, this case could not be heard in this district despite the fact that plaintiff has no claim against or dispute with the judges in the

ORDER DENYING MOTION FOR RECUSAL       -3-

Western District of Washington.  This indiscriminate disqualification of all judicial officers, who had no role in the alleged wrongs, triggers the legal maxim, "where all are disqualified, none are disqualified."  Ignacio v. Judges of the U.S. Court of Appeals for the Ninth Circuit, 453 F.3d 1160, 1164-65 (9th Cir. 2006) (citing Tapia-Ortiz v. Winter, 185 F.3d 8, 10 (2nd Cir. 1999), and Pilla v. Am. Bar Ass'n, 542 F.2d 56, 59 (8th Cir. 1976)).  Because plaintiff's theory of recusal would eliminate the proper legal forum charged with hearing his complaint, the rule of necessity would allow the undersigned to proceed as the presiding judicial officer so that justice can be administered even if a risk of bias existed (which it does not).

      Plaintiff has not provided any evidence of bias or prejudice and has not shown that the undersigned's impartiality could reasonably be questioned.  The motion to recuse and stay[1] is DENIED.  Pursuant to Local General Rule 8(c), the recusal request is hereby referred to the Honorable Marsha J. Pechman for review.

      Dated this 7th day of October, 2014.

*[signature]*

Robert S. Lasnik
United States District Court

---

[1] Plaintiff's motion to recuse was filed after his response to defendant Ferguson's motion to dismiss was due.  The failure to timely respond is not excused or erased by the belated filing of this motion.

ORDER DENYING MOTION FOR RECUSAL         -4-