UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT GRUNDSTEIN,

    Plaintiff,

v.

ROBERT FERGUSON, ATTORNEY GENERAL OF WASHINGTON, *et al.*,

    Defendants.

Case No. C14-1356RSL

ORDER GRANTING DEFENDANT'S MOTIONS

    This matter comes before the Court on "Defendant Leon Grundstein/Gencare's Motion To Dismiss," Dkt. # 26; "Defendant Leon Grundstein/Gencare's Motion For Sanctions And For Pre-Filing Order," Dkt. # 28; and the Court's January 6, 2015 Order to Show Cause, Dkt. # 24. Having reviewed the parties' memoranda and the record, the Court finds as follows.[1][2]

## I. ANALYSIS

    The doctrine of collateral estoppel bars plaintiff from relitigating whether the trust property in dispute may be "partitioned" or "distributed," as this issue was already decided against him in state court, Grundstein v. Grundstein, 2011 WL 3055381, at *2-3 (Wn. App. Jul.

---

[1] The Court previously held that it would dismiss this action pursuant to Fed. R. Civ. P. 4(m) unless plaintiff provided proof of service on defendant by January 30, 2015. Dkt. # 24. As of the date of this Order, plaintiff has not provided the necessary proof of service. However, defendant has asked for a ruling on the merits of his motions instead of an "administrative dismissal without prejudice," Dkt. # 26 at 3 n. 3, and so the Court finds that defendant has waived service for the purposes of this motion.

[2] The Court incorporates by reference the case history that it provided in its order dismissing Robert Ferguson from this action. Dkt. # 23. Leon Grundstein and Gencare are treated as a single defendant, as they are in the parties' filings (the Complaint makes no specific allegations against Gencare).

ORDER GRANTING DEFENDANT'S MOTIONS - 1

25, 2011); thus, plaintiff's claims related to this issue fail.  Federal courts must give state court judgments the full faith and credit that they would receive in that state.  Gupta v. Thai Airways Int'l, LTD., 487 F.3d 759, 765 (9th Cir. 2007).  Washington's collateral estoppel doctrine bars a party from relitigating an issue that was necessarily and finally determined against him in a prior case that ended in a judgment on the merits, where preclusion would not work an injustice and this party had a full and fair opportunity to litigate (and actually litigated) the issue.  See Christensen v. Grant Cnty. Hosp. Dist. No. 1, 152 Wn.2d 299, 307 (2004).  This doctrine applies.

In asserting plaintiff's claim for dissolution, the Complaint relies heavily on theories and precedent that plaintiff unsuccessfully cited in previous actions to argue that the trust property should be partitioned as a real estate asset.  Grundstein v. Washington State, et. al., 2012 WL 2514915, at *1 (W.D. Wash. June 28, 2012), aff'd, 577 F. App'x 656 (9th Cir. 2014).  This claim represents a transparent attempt to relitigate decided issues, and it is barred by collateral estoppel.  Plaintiff's conversion claim is likewise barred because plaintiff unsuccessfully argued that defendant embezzled from the trust in a state court action (where he sued defendant for breach of fiduciary duty).  Grundstein, 2011 WL 3055381, at *1.  Plaintiff's claims relating to attorney Ronald Meltzer (who is not a party) appear to relate to Meltzer's alleged misconduct, and not to defendant's, and will be dismissed.

The Court lacks jurisdiction over plaintiff's claims challenging the monetary sanctions imposed on him during his state court probate proceedings.  Under the Rooker-Feldman doctrine, a party who loses in state court is barred from seeking what is essentially appellate review of the state court judgment in federal court based on the losing party's claim that the state judgment itself violated his federal rights.  Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994).  This party may not litigate an issue that is "inextricably intertwined" with a state court decision that he is attempting to de facto appeal, even where he is raising a constitutional challenge.  Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003).  This doctrine applies.

All of plaintiff's claims are dismissed with prejudice.  Defendant is entitled to attorney's fees for being forced to defend against this frivolous action.

ORDER GRANTING DEFENDANT'S MOTIONS - 2

The All Writs Act, 28 U.S.C. § 1651(a), gives this Court the inherent power to enter a pre-filing order against a vexatious litigant. <u>Molski v. Evergreen Dynasty Corp.</u>, 500 F.3d 1047, 1057 (9th Cir. 2007). Before imposing this extreme remedy: (1) the litigant must receive notice and a chance to be heard; (2) the Court must compile "an adequate record for review;" (3) the Court must make substantive findings about the frivolous or harassing nature of plaintiff's litigation; and (4) the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." <u>Id.</u> (citation and quotation marks omitted). Plaintiff has a history of harassing, meritless filings that resulted in him being declared a vexatious litigant in Ohio in 2005 and in his disbarment in Washington state in 2012. Dkt. # 27 (Smith Decl. Exh. J-K.). Plaintiff has repeatedly and unsuccessfully litigated issues raised here in state and federal court, including in actions against this defendant. <u>Grundstein</u>, 2012 WL 2514915; <u>Grundstein</u>, 2011 WL 3055381. This case represents a clear example of frivolous and harassing litigation. Plaintiff has had the opportunity to be heard on this motion, and the necessary record has been compiled; a narrowly-tailored pre-filing order would be warranted.

Looking beyond the All Writs Act, the Court recognizes its inherent power under General Rule 3(d) and Fed. R. Civ. P. 11 to sanction litigation misconduct. <u>See</u> <u>Fink v. Gomez</u>, 239 F.3d 989, 991 (9th Cir. 2001). This Court may exercise this authority "to sanction a party . . . when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," as well as for "willful[] abuse [of the] judicial process." <u>Gomez v. Vernon</u>, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (citation and quotation marks omitted). General Rule 3(d) authorizes the Court to sanction parties who present "unnecessary motions or unwarranted opposition . . . or who otherwise so multiplies or obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously." GR 3(d); <u>cf.</u> 28 U.S.C. § 1927. Ninth Circuit precedent holds that frivolous and legally unreasonable filings may be sanctioned under Rule 11, <u>Estate of Blue v. County of Los Angeles</u>, 120 F.3d 982, 985 (9th Cir. 1997); and that the Court may not decline to impose sanctions for a plaintiff's misconduct simply because he is proceeding <u>pro se</u>, <u>Warren v. Guelker</u>, 29 F.3d 1386, 1390 (9th Cir. 1994). Sanctions are in order under this standard.

ORDER GRANTING DEFENDANT'S MOTIONS - 3

## II.  CONCLUSION

For all of the foregoing reasons, defendant's motion to dismiss and motion for sanctions and for a pre-filing order are GRANTED.  Dkt. # 26; Dkt. # 28.  The Court DISMISSES all of plaintiff's claims WITH PREJUDICE and awards defendant attorney's fees.  Defendant must file a declaration with the Court by May 8, 2015 itemizing the fees and costs incurred in litigating this action.

The Court furthermore ORDERS that any pro se complaint submitted for filing in this District in which Robert Grundstein is a named plaintiff or purports to act as party representative shall be subject to review by the Court prior to the issuance of summons or service of process. The following review provisions shall apply, except in cases where Mr. Grundstein is represented by an attorney licensed to practice law in this District:

- The Court will review the proposed complaint to determine whether good cause exists to permit the action to proceed in light of the claims raised therein and Mr. Grundstein's past litigation abuses.  The proposed complaint shall comply with Fed. R. Civ. P. 8(a) and provide a clear statement of the factual and legal basis for each claim asserted, specifically identifying each defendant against whom the claim is asserted.  The proposed complaint shall be accompanied by a signed statement explaining, on a claim-by-claim basis, (a) whether each claim was raised in any prior action (with an appropriate citation) and (b) why each claim is not barred by collateral estoppel, res judicata, the Rooker-Feldman doctrine and/or an applicable immunity.

- If the Court determines that good cause has not been shown, the action will be dismissed sua sponte without further notice.  If the Court also determines that sanctions are appropriate, those shall be imposed at the same time the action is dismissed.  Mr. Grundstein shall have an opportunity to explain why sanctions should not be imposed in a post-judgment motion for reconsideration filed within ten days of the judgment.

DATED this 1st day of May, 2015.

*(signature)*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTIONS - 5